IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| R & R ACQUISITIONS TEXAS, LLC, | ) CIVIL NO. 08-00348 SPK-KSC ) |
| Plaintiff, | ) REPORT OF SPECIAL MASTER ) RECOMMENDING THAT ) PLAINTIFF R & R |
| vs. | ) ACQUISITIONS TEXAS, LLC'S ) FIRST MOTION FOR ATTORNEYS |
| KAUAI RESORT PARTNERS, LLC; TITLE GUARANTY ESCROW SERVICES, INC.; JOHN DOES 1-50; DOE PARTNERSHIPS, CORPORATIONS, GOVERNMENTAL UNITS ,OR OTHER ENTITIES 1-50, | ) FEES AND COSTS BE DENIED ) WITHOUT PREJUDICE ) ) ) ) ) ) |
| Defendants. | ) ) |

REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF
R & R ACQUISITIONS TEXAS, LLC'S FIRST MOTION FOR
<u>ATTORNEYS FEES AND COSTS BE DENIED WITHOUT PREJUDICE</u>

On June 18, 2009, Plaintiff R & R Acquisitions Texas, LLC ("Plaintiff") filed a First Motion for Attorneys Fees and Costs ("Motion").  Plaintiff also filed a Motion to Seal (1) Exhibit "A" of the Declaration of Carole M. Pope and (2) Exhibits "C"-"M" and "O" of the Declaration of Philip R. Brown in Support of Plaintiff R & R Acquisitions Texas LLC's Motion for Attorneys Fees and Costs.  On June 22, 2009, the Court granted in part and denied in part

Plaintiff's motion to seal.  The Court granted the motion as to Exhibit O, but denied the motion as to Exhibits A, C-M.  In the Order, the Court noted that it would not consider this Motion until Plaintiff fully complies with all of the requirements set forth in Rule 54.3(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules").  On June 26, 2009, Plaintiff submitted redacted versions of Exhibits A, C-M.

Pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court finds this matter suitable for disposition without a hearing.  After careful consideration of Plaintiff's Motion and the supporting memoranda and exhibits, the Court finds that Plaintiff has failed to comply with the requirements set forth in Local Rule 54.3.

Local Rule 54.3(b) specifies that a court "will not consider a motion for attorneys' fees and related non-taxable expenses until moving counsel shall first advise the court in writing that, after consultation,

or good faith efforts to consult, the parties are unable to reach an agreement." Local Rule 54.3(b). Local Rule 54.3(b) further provides that the "statement of consultation shall be filed and served by the moving party within fourteen (14) days after the filing of the motion." See id. Plaintiff has not submitted a written statement of consultation to the Court in accordance with Local Rule 54.3(b), the deadline of which expired on July 2, 2009. Although the Court's June 22, 2009 Order did not specifically address Plaintiff's responsibility and obligation to comply with subsection (b) of Local Rule 54.3, Plaintiff should have done so. It is clear, after reviewing Plaintiff's submissions, that Plaintiff has not consulted and/or followed the applicable Local Rules in filing this Motion.

In addition to the foregoing failure, Plaintiff's submissions do not fully comply with Local Rule 54.3(d). For example, Plaintiff's time sheets are not organized by litigation phase. See, e.g., id. 54.3(d)(1) (describing the following litigation phases:

3

(A) case development, background investigation and case administration; (B) pleadings; (C) interrogatories, document production and other discovery; (D) depositions; (E) motions practice; (F) attending court hearings; (G) trial preparation and attending trial; and (H) post-trial motions).  Also worth noting is Plaintiff's apparent failure to adhere to the requirements in Local Rule 54.2 in requesting costs. Plaintiff makes a number of requests for copying costs at rates ranging from $.20 to $.25/copy despite Local Rule 54.2(f)4's provision that "[t]he practice of this court is to allow taxation of copies at $.15 per page." Local Rule 54.2(f)4.

As the Court has already cautioned, it will not consider the merits of this Motion until Plaintiff complies with the applicable rules.  The Court accordingly recommends that the district court DENY Plaintiff's Motion without prejudice for failure to comply with the applicable Local Rules.  Plaintiff is warned that if it elects to refile its Motion and the renewed motion fails to comply with the applicable

rules, the Court may recommend denial with prejudice.

## CONCLUSION

Based on the foregoing, the Court HEREBY FINDS AND RECOMMENDS that Plaintiff's First Motion for Attorneys Fees and Costs, filed June 18, 2009, be DENIED WITHOUT PREJUDICE.

IT IS SO FOUND AND RECOMMENDED.

Dated:  Honolulu, Hawaii, August 14, 2009.



Kevin S.C. Chang
United States Magistrate Judge

CV NO. 08-00348 SPK-KSC; R & R ACQUISITIONS TEXAS, LLC V. KAUAI RESORT PARTNERS, LLC, ET AL.; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFF R & R ACQUISITIONS TEXAS, LLC'S FIRST MOTION FOR ATTORNEYS FEES AND COSTS BE DENIED WITHOUT PREJUDICE