IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| R & R ACQUISITIONS TEXAS LLC, a Texas Limited Liability Corporation,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>KAUAI RESORT PARTNERS, LLC, ET AL.,<br><br>　　　　　Defendants.<br>_____ | Civ. No. 08-00348 SPK-KSC |

ORDER (1) AFFIRMING ORDER DENYING MOTION TO INTERVENE, AND (2) ADOPTING FINDINGS AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

Two matters are on review from U.S. Magistrate Judge Kevin Chang.

Mori Golf (Kauai), LLC ("Mori Golf"), moved to intervene in this suit between Plaintiff R & R Acquisitions Texas LLC ("R & R") and Defendants Kauai Resort Partners, LLC ("KRP") and Title Guaranty Escrow Services, Inc., ("TG") on May 11, 2009.  The motion to intervene was heard and denied by Judge Chang on May 26, 2009.  A written order denying the motion to intervene was served on July 1, 2009.  Mori Golf timely appealed pursuant to LR 74.1.

1

Mori Golf also filed a Motion for Temporary Restraining Order and Preliminary Injunction on May 18, 2009. That matter was referred to Judge Chang for Findings and a Recommendation under LR 53.1, 72.4, and 28 U.S.C. §§ 636(b)(1)(B) & 636(b)(2). The motion for temporary restraining order was also heard on May 26, 2009, before Judge Chang. At the hearing, Judge Chang orally indicated that he was finding and recommending that the motion be denied. Accordingly, the June 30, 2009, written order denying the motion to intervene also found and recommended that the motion for temporary restraining order be denied. Mori Golf filed timely objections to the Findings and Recommendation pursuant to LR 74.2.

This Court has now reviewed and carefully considered (1) the appeal and objections by Mori Golf, (2) the corresponding responses by R&R, and (3) the filings and record in this case. Upon such review, the Court (1) AFFIRMS the Order Denying the Motion to Intervene, and (2) OVERRULES the objections of Mori Golf and thus ADOPTS the Findings and Recommendation to Deny the Motion for Temporary Restraining Order and Preliminary Injunction.

The order denying intervention was neither clearly erroneous nor contrary to law. The record confirms that the motion was not "timely" for purposes of Fed. R. Civ. P. 24(a)(2). *See Smith v. Marsh*, 194 F.3d 1045, 1049-50 (9th Cir. 1999)

(indicating factors to consider in evaluating timeliness of an intervention motion). This case settled in January 2009. Judgment was entered on January 30, 2009. The Motion to Intervene was filed three and a half months *after* final judgment. Although the motion was triggered, at least in part, by post-judgment collection and garnishment proceedings, it would be an extremely unusual case to allow intervention at this stage, thereby undoing a final judgment and allowing Mori Golf to file its proposed counter-claim against R&R and cross-claim against KRP. *See Orange County v. Air California*, 799 F.2d 535, 538 (9th Cir. 1986). The nature of the action would change, as Mori Golf would be attempting to litigate issues -- separate from the dispute regarding the promissory note between R&R and KRP -- related to whether Mori Golf was entitled to liquidated damages for alleged breach of its separate purchase agreement regarding the Kauai properties. Prejudice would plainly result.

Further, it does appear that Mori Golf had adequate notice and could have (1) filed a motion to intervene earlier (i.e., in early-to-mid April 2009), or (2) filed some sort of action or claim against KRP to perfect or assert rights (e.g., seek "default" against KRP) to monies held by TG, or done both (1) and (2). TG's disclosure was properly served on Mori Golf on or about April 3, 2009; the motion to intervene was not filed until over a month later. It also appears that conditions

were not yet met for Mori Golf to have an adequate claim to ownership to the funds held by TG.  The purchase agreement indicates a requirement for satisfying "default terms" before Mori Golf could assert ownership rights to the funds held by TG.  If there was a dispute as to whether KRP owes damages or amounts to Mori Golf for breach of the purchase agreement, that dispute is a separate matter from this suit.  The lack of such action by Mori Golf is further indication that the intervention motion was not timely.  Mori Golf's potential claim to funds held by TG stands in contrast to the final judgment that R & R obtained.  And TG apparently still holds, or held, a large portion of the $1 million originally deposited, which presumably is still available to apply to any recovery by Mori Golf on a claim for liquidated damages.  There is no evidence of any sort of collusion between R & R, KRP, and TG to keep Mori Golf from asserting an interest in any funds.  Indeed, the settlement discussions between R & R, KRP, and TG were duly supervised by Judge Chang from at least November 2008 through May of 2009.

In short, Judge Chang properly denied the motion to intervene; the order denying intervention is AFFIRMED.

For similar reasons, the Court OVERRULES the objections to the Findings and Recommendation to deny the motion for temporary restraining order.  The

Court is convinced upon de novo review of the record that Mori Golf has not met the standard necessary for granting of immediate injunctive relief. Mori Golf's claim to ownership of the funds (or that portion of the funds subject to garnishment, i.e., some $247,500) is based on conditions that have not (or had not) occurred. It presumes a breach of purchase agreement and entitlement to liquidated damages of $1 million. The likelihood of success has not been demonstrated. Nor has irreparable injury been shown. It is well-settled that purely monetary injuries are not normally considered irreparable. *See Los Angeles Mem. Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1202 (9th Cir. 1980). The balance of hardships does not tip in its favor. And the "public interest" would not be served by undoing a final judgment and re-opening this litigation to allow Mori Golf to attempt to assert its interest in the garnished funds on the current record.[1] There is hardly an "unconstitutional taking of property" as Mori Golf argues, when proper and adequate notice was given, where the claim to the property is open (or late), and where there are potential remedies available to Mori Golf (in addition to process given Mori Golf by the fully briefed and argued

---

[1] The Court notes that has made no final decision regarding the merits of any dispute between Mori Golf and KRP. The decision is simply that Mori Golf not demonstrated a likelihood of success necessary to allow a non-party such as Mori Golf to obtain an injunction to stop garnishment and enforcement of a final judgment in a suit between R&R and KRP.

positions before a United States Magistrate Judge and an internal appeal to this Court).

For the foregoing reasons,

(1)  The Appeal [72] of the Order Denying Mori Golf's Motion to Intervene [69] is  DENIED.  The Order Denying Mori Golf's Motion to Intervene is AFIRMED; and

(2)  The Objections [73] to the Findings and Recommendation that Mori Golf's Motion for Temporary Restraining Order and Preliminary Injunction be Denied [69] are OVERRULED.  The Court ADOPTS the Findings and Recommendation.

IT IS SO ORDERED.

DATED:  August 19, 2009.



_____
Samuel P. King
Senior United States District Judge